UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

                                     Case # 19-CR-00047-FPG

v.                                           DECISION AND ORDER

TREMAINE GIDDENS,

                              Defendant.

## INTRODUCTION

On August 28, 2020, the Court issued a Decision and Order, ECF No. 34, denying Defendant Tremaine Giddens' Motion for Compassionate Release, ECF No. 23. On January 4, 2021, Defendant filed a *pro se* motion asking the Court to reconsider that denial and to appoint counsel. ECF No. 39. Defendant states the following grounds for reconsideration: "the fact I have contracted COVID-19 and the positivity rate [at Federal Correctional Institution Loretto] increased by over 700 cases out of 811 inmates." *Id.*

On January 11, 2021, Defendant filed a one-page letter asking the Court to consider a news article before ruling on his motion for reconsideration.[1] ECF No. 40 at 1. Among other things, the article states that, as of mid-December 2020, FCI Loretto had "the worst outbreak in the federal prison system"; FCI Loretto lacked "basic supplies, like sufficient soap," in the segregation unit for those with virus symptoms; FCI Loretto did not offer testing to correctional officers even upon request; and some inmates at FCI Loretto were isolated in deplorable conditions while the facility attempted to manage the virus. *Id.* at 2-6.

---

[1] The article is *'Like a war zone': Prison that freed Paul Manafort early now ravaged by COVID*, by Lisa Riordan Seville. ECF No. 40 at 2-5.

1

The Court has reviewed Defendant's motion for reconsideration, ECF No. 39, and Defendant's letter to the Court with the attached article, ECF No. 40. For the reasons set forth below, Defendant's motion for reconsideration is DENIED. Defendant's motion to appoint counsel is DENIED AS MOOT.

## DISCUSSION

> The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented before the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court.

*United States v. Sharif*, No. 3:13-cr-172 (SRU), 2020 U.S. Dist. LEXIS 205980, at *1 (D. Conn. Nov. 4, 2020) (internal citations and quotation marks omitted).

Here, Defendant does not present any change in controlling law. He asks the Court to reconsider its decision because he has now contracted COVID-19 and because the positivity rate at FCI Loretto has allegedly increased. ECF No. 39.

In its Decision and Order, ECF No. 34, denying compassionate release, the Court concluded that "the original § 3553(a) factors outweigh the considerations Defendant identifies in support of compassionate release." ECF No. 34 at 6. In reaching that conclusion, the Court noted that Defendant had only served approximately 13 months of his 71-month sentence,[2] and "[g]iven that the original sentence was calibrated to take into account the seriousness of the offense, Defendant's criminal history, and his life circumstances, an exceedingly strong justification would be needed to reduce his sentence so substantially." *Id.* at 3 (citation omitted).

---

[2] Defendant has now served approximately 20 months of his 71-month sentence.

2

The fact that Defendant has now contracted the virus weighs against release because Defendant does not indicate that he has suffered any complications (or even symptoms) from contracting the virus. *See, e.g.*, *United States v. Dimmie*, No. 15 Cr. 5-3 (NSR), 2020 U.S. Dist. LEXIS 206183, at *2 (S.D.N.Y. Nov. 3, 2020) (denying reconsideration of denial of compassionate release to inmate who served two thirds of his sentence, had several underlying medical conditions, and contracted COVID-19). Therefore, even with the additional fact that Defendant has now tested positive for COVID-19, a reduction in Defendant's sentence would still be inconsistent with the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Johnson*, No. 17 Cr. 212 (NRB), 2020 U.S. Dist. LEXIS 220504, at *3-4 (S.D.N.Y. Nov. 24, 2020) (denying reconsideration where defendant's pre-diabetes progressed to Type 2 diabetes, because the court had already considered defendant's health conditions and COVID-19 positivity rates at his prison facility, and the change in defendant's diabetes diagnoses failed to outweigh the 18 U.S.C. § 3553(a) sentencing factors).

Similarly, the alleged increase in positivity rate at Loretto does not alter the Court's calculus. While the news article Defendant attached to his letter presents a dire picture of the situation at Loretto as of December 2020, recent BOP data suggests that the infection rate has been brought under control. *See COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, http://www.bop.gov/coronavirus/ (last visited Feb. 10, 2021). According to the Bureau of Prisons, as of February 10, 2021, FCI Loretto had zero inmates with confirmed active cases of the virus and 16 staff members with confirmed active cases. *Id.* In any event, even assuming there were an active, uncontained outbreak, that fact would not outweigh the § 3553(a) factors that supported, and continue to support, Defendant's sentence.

Finally, Defendant's motion to appoint counsel is DENIED AS MOOT.[3] *See Lunz v. O'Meara*, No. 9:17-CV-1331 (LEK/ATB), 2018 WL 9650486, at *2 (N.D.N.Y. June 6, 2018) ("Given the denial of Plaintiff's Motion for Reconsideration . . . Plaintiff's Motion for Appointment of Counsel is denied as moot.").

## CONCLUSION

Accordingly, Defendant's motion for compassionate release is DENIED, and his request for appointment of counsel is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: February 10, 2021
    Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[3] The Court denied Defendant's request for counsel without prejudice on two prior occasions. *See* ECF Nos. 34, 38. In addition, on December 23, 2020, the Court sent a letter to Defendant's counsel in his underlying criminal matter informing him of Defendant's requests.